IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re: ) | Case No: | 16 B 32426 | |
|   JEROME GILLIS JR. ) | Adversary: | | |
|   JANET A. GILLIS ) | Chapter: | Chapter 13 | |
|     Debtors, ) | | | |
| ) | Judge: | Jack Schmetterer | |

| | | |
|---|---|---|
| JEROME GILLIS, JR. ) | | |
| JANET A. GILLIS ) | | |
|     Plaintiffs, ) | ADV. NO. | 16 A 00732 |
| v. ) | | |
| CITI FINANCIAL INC. ) | | |
|     Defendant, ) | | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

*[handwritten annotation: "Court hsbg w/ enters fully Findings and Conclusions"]*

~~NOW COME the Plaintiffs, JEROME AND JANET GILLIS (the "Debtors"), by and through their attorney, Patrick A. Meszaros, and states as follows:~~

### FINDINGS OF FACT

1. Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code (the "Code") on October 11, 2016 under case number 16 B 32426.

2. The Plaintiffs, Jerome and Janet Gillis, are the owners of the real property located at 14530 S. Keeler Avenue in Midlothian, Illinois. The property has a legal description of:
Lots 7 and 8 in Block 20 in Manus Midlothian Park, A Subdivision of the Northeast ¼ Section 10, Township 36 North, Range 13, East of the Third Principal Meridian, in Cook County, Illinois according to the plat thereof recorded June 23, 1923, as document 7992748.

3. That the property has a fair market value of $175,000 (see Exhibit A) and is encumbered by a first mortgage of Deutsche Bank National Trust Company in the amount of $189,518.93 (see Exhibit B) and a second mortgage of Citi Financial in the amount of $65,918.39. That the second mortgage of Citi Financial is completely unsecured.

4. That as part of the Debtor's Chapter 13 Plan, they seek to treat their second mortgage with Citi Financial in the amount of $65,918.00 as a general unsecured claim.
5. That the Debtors caused to be filed an adversary case on December 15, 2016, adversary number 16 A 00732 which seeks to treat the second mortgage as a general unsecured claim. That a summons was issued and served upon the Defendant on December 15, 2016. To date the defendant has not filed an appearance, answer or otherwise any responsive pleading in this matter.

## CONCLUSIONS OF LAW

6. This Court has Jurisdiction over this Adversary Proceeding pursuant to 28 USC 151, 157 and 1334 and Local Rule 2.33 of the United States District Court for the Northern District of Illinois, in that this action relates to the Bankruptcy Case number 16 B 32426, which is presently pending before this Honorable Court.
7. This proceeding is a core proceeding under 28 USC Section 157 (b) (2) (K).
8. Under Sections 506(a) and 506(d), the Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, the Defendant's lien would be void to the extent that it is not a secured claim.
9. The second mortgage must first qualify under Section 506(a) of the Bankruptcy Code as a holder of a secured claim in order to obtain the protections of Section 1322 (b) (2). In re Phillips, 224 B.R. 871 (Bankr. W.D. Mich. 1998).
10. Section 1322 (b)'s anti-modification language does not apply to wholly-unsecured junior mortgages.
11. The Debtors are entitled to "strip off" the Defendant's junior mortgage lien as it is wholly unsecured. This is demonstrated by the senior lien holder's claim equaling or exceeding the value of the residence listed on the Debtor's Schedule A. In re Johnson, 213 B.R. 552 (Bankr. N.D. IL. 1997); Nobelman v. American Savings Bank, 508 U.S. 324 (1993); Johnson v. Asset Management Group LLC, 226 B.R.

364 (Bankr. D. Md. 1998); <u>In re Melvyn M. and Jessica J. Baez</u>, No. 99-16396-BKC-AJC (Bankr. S.D. Fla January 20, 2000); Roxanne J. McCarron v. FirstPlus Financial (<u>In re Roxanne J. McCarron</u>), No. 99-44137-W-JWV (Bankr. W.D. Mo January 5, 2000); <u>Western Interstate Bankcorp v. Joe Ed and Linda June Edwards (In re Joe Ed and Linda June Edwards)</u>, (No. 99-10783 Bankr S.D. Georgia March 3, 2000); <u>In re Anthony N. and Debra A. Perugini</u>, No. 99-30280 (Bankr. D. Conn. June 9, 1999).

12. The anti-modification protections afforded residential mortgages by Section 1322 (b)(2) do not apply to junior, wholly unsecured, mortgages. <u>Stephen J. and Rosemarie J. McDonald v. Master Financial, Inc. (In re Stephen JH. And Rosemarie J. McDonald)</u>, No. 99-1381 (3rd Cir. March 9, 2000); <u>Ronald Bartee v. Tara Colony Homeowners Association, et al (in the Matter of Ronald Bartee)</u>, No. 99-20463 (5th Cir. May 15, 2000).

FEB 28 2017

Respectfully submitted,

/s/ Patrick A. Meszaros
Patrick A. Meszaros Attorney for the Debtors

Law Offices of Patrick A. Meszaros
1100 W. Jefferson
Joliet, IL 60435
(815)722-4001
(815)722-4007 (fax)